UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL DALY, <br> 2003 PENROSE STREET <br> HELLERTOWN, PA 18055 <br><br> Plaintiff, <br><br> v. <br><br> RESTORE INTEGRATIVE WELLNESS, LLC <br> CENTER 812 N. EASTON ROAD SUITE 6 <br> DOYLESTOWN, <br> PENNSYLVANIA, 18902 <br><br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO._____ <br><br><br><br><br><br><br><br><br> Jury Trial Demanded Pursuant to F. R. Civ. P. <br> No 38(b) |

## COMPLAINT

### I. INTRODUCTION

1. Plaintiff, Daniel Daly (hereinafter, the "Plaintiff"), brings this action against his former employer, Restore Integrative Wellness Center, LLC (hereinafter, the "Defendant"). Defendant discriminated against Plaintiff because of his disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111, et seq., (hereinafter, the "ADA") and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* (hereinafter, the "PHRA"). As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

### II. PARTIES

2. Plaintiff Daniel Daly (hereinafter, "Mr. Daly" or "Plaintiff") is an individual and a citizen of the Commonwealth of Pennsylvania. Plaintiff resides in Hellertown, Northampton County, Pennsylvania.

3. Plaintiff has Thrombocytopenia-absent radius (TAR) syndrome.

4. Thrombocytopenia-absent radius (TAR) syndrome is a rare disorder that is present at birth and is characterized by low levels of platelets in the blood (thrombocytopenia) and absence

1

(aplasia) of the long, thin bones of the forearms.

5. As a result of Plaintiff's TAR syndrome, Plaintiff has a physical impairment that substantially limits one or more major life activities, has a record of such an impairment and is regarded as having such an impairment.

6. Plaintiff's TAR syndrome, which was known to the Defendant, did not impede his employment for the Defendant in any way.

7. Defendant is a business entity that owns and/or operates a marijuana dispensary, in Doylestown, Pennsylvania.

8. At all times hereto, Defendant employed more than twenty (20) employees.

9. At all times hereto, Defendant acted by and through their authorized agents, servants, workers, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

10. At all times hereto, Defendant acted as an employer within the meaning of the statutes which form the basis of this matter.

11. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of the statutes which form the basis of this matter.

### III. JURISDICTION AND VENUE

12. Because this case is brought under the ADA, 42 U.S.C. §§ 12111, et seq., this Court has federal question jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(4).

13. Mr. Daly's job with Defendant was, at all times relevant hereto, in the Eastern District of Pennsylvania.

14. Venue is proper in the Eastern District of Pennsylvania because Plaintiff's cause of action arose within this District in that a substantial part of the acts and omissions giving rise to the claims in this case occurred in this District. *See* 28 U.S.C. § 1391(b).

15. Because the Defendant is subject to personal jurisdiction in this District, it "resides" in this District for venue purposes (*see* 28 U.S.C. § 1391(c)).

16. On or about November 3, 2022, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), complaining of acts of discrimination alleged herein. This Charge was cross-filed with the Pennsylvania Human Relations Commission ("PHRC"). Attached hereto, incorporated herein and marked as Exhibit "1" is a true and correct copy of the EEOC Charge of Discrimination (with personal identifying information redacted).

17. On or about July 20, 2023, the EEOC issued to Plaintiff a Notice of Rights. Attached hereto, incorporated herein and marked as Exhibit "2" is a true and correct copy of that notice (with personal identifying information redacted).

18. Plaintiff has fully complied with all administrative prerequisites for the commencement of this action and has exhausted his administrative remedies.

**IV.   FACTS**

19. Plaintiff was hired by Defendant, on or about, November 12, 2021, and was employed by Defendant until on or about, June 16, 2022, the date of his unlawful termination.

20. Plaintiff held the position of shift supervisor at Restore Integrative Wellness Center in Doylestown, Pennsylvania.

21. Plaintiff consistently demonstrated excellent job performance in his job and performed his duties in a highly competent manner.

22. Defendant discriminated against Plaintiff on the basis of his disability.

23. On or about June 10, 2022, Plaintiff's coworker, Paul made the statement "I was so mad I almost punched a cripple[,]" referring to the Plaintiff.

24. Upon hearing of Paul's derogatory statement, Plaintiff met with the general manager, Chris, on June 15, 2022 to make him aware of the incident.

25. During the aforementioned meeting, Plaintiff communicated to Chris that he was uncomfortable working with Paul after the discriminatory conduct.

26. Despite Plaintiff's concerns and raising these concerns through the appropriate process, the general manager communicated to Plaintiff that he was being "unprofessional" and then wrote up the Plaintiff for the incident.

27. On June 16, 2022, Plaintiff was told by management that the June 15, 2022, write up was a "final warning" and was verbally reprimanded for bringing the incident to the general manager's attention.

28. Plaintiff was unable to continue working at the location because of the open and obvious discriminatory conduct of the Defendant and as a result, Plaintiff resigned.

29. Plaintiff has observed a pattern of other employees reporting their issues to management without receiving disciplinary action.

30. Importantly, Plaintiff did not violate any of Defendant's policies or procedures by raising concerns of discriminatory conduct to the general manager.

31. This "final warning" and write-up system effectively allows Defendant's management to discretionarily enforce its employment policies to cover for its discriminatory pattern of coercing, intimidating, threatening, and/or interfering with employee's rights under the ADA resulting in a disparate impact on employee(s) with disabilities.

32. After service to Restore Integrative Wellness Center as a productive employee, Defendant's management discretionarily forewent any type of whistleblower process and disciplined Plaintiff for raising important concerns about discrimination in the workplace at Restore Integrative Wellness Center without any reasonable basis for such disciplinary action and without individualized review of Plaintiff's concerns reported to management.

33. Plaintiff believes and avers that Restore's management systematically chooses not to

enforce the aforementioned policies in the same way against similarly situated disabled employees, thereby using its write up and "final warning" system as a pretext for disability discrimination and retaliation for reporting incidents of disability discrimination.

34. On information and belief, Defendant's disciplinary action had a significant adverse disparate impact on Plaintiff and other disabled employees in violation of the ADA.

35. Defendant willfully violated the Americans with Disabilities Act of 1990, as amended.

36. As a proximate result of Defendant's disability discrimination, Plaintiff was deprived of the opportunity to earn wages, and deprived of the opportunity to earn employment benefits.

## **COUNT I - ADA**

37. Plaintiff incorporates by reference the foregoing paragraphs, as if set forth herein in their entirety.

38. At all relevant times, the Defendant has been, and continues to be, an employer within the meaning of the ADA, 42 U.S.C. § 12111.

39. At all relevant times, the Defendant has beenengaged in interstate commerce within the meaning of the ADA, *id*., and has employed, and continues to employ, twenty or more employees.

40. At all relevant times, Plaintiff was a qualified individual with a disability within the meaning of the ADA, §§ 12102, 12111.

41. At all relevant times, Plaintiff was disabled, *see* 42 U.S.C. § 12102, and Defendant discriminated against Plaintiff on the basis of disability in regards to the terms, conditions, and privileges of Plaintiff's employment

42. Plaintiff filed a timely charge of disability discrimination with the EEOC and has satisfied all preconditions to bringing this action.

43. Plaintiff has exhausted his administrative remedies and timely files this suit following notice of his right to sue.

44. By committing the foregoing acts of discrimination against Plaintiff, Defendant has violated the ADA.

45. Said violations were willful and warrant the imposition of liquidated damages.

46. As a direct and proximate result of Defendant's violation of the ADA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorney's fees and costs.

47. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein.

48. No previous application has been made for the relief requested herein.

## COUNT II – PHRA

49. Plaintiff incorporates by reference the foregoing paragraphs, as if set forth herein in their entirety.

50. Defendant, by the above improper and discriminatory acts, has violated the PHRA.

51. Said violations were intentional and willful.

52. As a direct and proximate result of Defendants' violation of the PHRA, Plaintiff has sustained injuries, damages and losses set forth herein and has incurred attorney's fees and costs.

53. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminator acts unless and until this Court grants the relief requested herein.

54. No previous application has been made for the relief requested herein.

## COUNT III -RETALIATION AND COERCION

55. Plaintiff incorporates by reference the foregoing paragraphs, as if set forth herein in their entirety.

56. Defendant's conduct as alleged above constitutes coercion, intimidation, threats,

and/or interference with Plaintiff's rights under the ADA.

57. As a result, the Defendant's conduct was retaliation and coercion against the Plaintiff because Defendant engaged in activities protected by the ADA.

58. Defendant has conducted itself intentionally, deliberately, willfully, and in callous disregard of the rights of Plaintiff.

59. By reason of the Defendant's discrimination, Plaintiff is entitled to all legal and equitable remedies available under the ADA.

60. Attorney's fees, litigation expenses, and costs should be awarded under 42 U.S.C. § 12205.

## COUNT IV - HOSTILE AND ABUSIVE WORKING ENVIRONMENT

61. Plaintiff incorporates by reference the foregoing paragraphs, as if set forth herein in their entirety.

62. The Defendant's conduct as alleged above constitutes a hostile and abusive working environment in violation of the ADA.

63. Plaintiff was subjected to harassment in the form of unwelcome verbal conduct involving his disability

64. The harassment Plaintiff was subjected to was sufficiently severe or pervasive to alter the conditions of the Plaintiff's employment and create an abusive working environment.

## RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(a) Declaring the acts and practices complained of herein to be in violation of the ADA;

(b) Declaring the acts and practices complained of herein to be in violation of the PHRA;

(c) Enjoining and permanently restraining the violations alleged herein;

(d) Entering judgment against the Defendant and in favor of the Plaintiff in the amount to be determined;

(e) Awarding compensatory damages to make the Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

(f) Awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

(g) Awarding liquidated damages to Plaintiff under the ADA;

(h) Awarding punitive damages for the intentional, reckless, wanton and willful action in violating the applicable statutes;

(i) Awarding Plaintiff such other damages as are appropriate under the ADA and the PHRA;

(j) Awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and,

(k) Granting such other and further relief as this Court may deem just, proper, or equitable, including other equitable and injunctive relief, providing restitution for past violations and preventing future violations.

## DEMAND FOR JURY TRIAL

Under Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues so triable in this action.

Respectfully submitted,

Leeson & Leeson

/s/ Joseph F. Leeson, III, Esq.

_____
 70 E. Broad Street
 P.O. Box 1426
 Bethlehem, PA 18016-1426
 (610) 691-3320
 Email: jleeson@leeson-law.com

Date: October 17, 2023