IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL DALY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| RESTORE INTEGRATIVE WELLNESS, LLC | : | NO. 23-4035 |

## **MEMORANDUM AND ORDER**

Plaintiff has filed a Motion for Leave to Serve a Non-Party Subpoena Via Certified Mail in this disability discrimination suit.[1]  Plaintiff alleges that the witness's testimony "is critical" to Plaintiff's claims and that he has been unable to effectuate personal service on the witness despite multiple good faith attempts.  Doc. 33 at 1.

Federal Rule of Civil Procedure 45(b), governing service of a subpoena, requires "delivering a copy to the named person."  Fed. R. Civ. P. 45(b).  The Third Circuit has not interpreted the meaning of "delivering" as used in the Rule.  However, "[t]he longstanding interpretation of Rule 45 has been that personal service of subpoenas is required."  Alfamodes Logis. Ltd. Liab. Co. v. Catalent Pharma Sols., Inc., Civ. No. 09-3543, 2011 WL 1542670, at *1 (E.D. Pa. Apr. 25, 2011) (quoting 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2454).  Although some district courts within the Third Circuit have permitted service of a subpoena by means other than personal service based on fact-specific records, e.g., Castillo v. Shippensburg Urban Devs., Inc., Civ. No. 19-2236, 2021 WL 12313250, at *1 (M.D. Pa. Nov. 24,

---

[1] Defense counsel confirmed to my staff that the defense does not oppose the motion, so I have not awaited a response.

2021) (allowing alternative service based on the history of the case and after six separate attempts to personally serve executives of defendant failed); Van v. Atl. Health Sys., Civ. No. 17-4254, 2021 WL 9528031, at *2 (D.N.J. June 9, 2021) (permitting substitute service of subpoena where deponent evaded service after attempts by process server and plaintiff's counsel); Yelland v. Abington Heights Sch. Dist., Civ. No. 16-2080, 2017 WL 4122465, at *4 (M.D. Pa. Sept. 18, 2017) (permitting service of a subpoena on the parent of a minor witness), the majority view in this circuit is that personal service is generally required.  See Hamilton v. Radnor Twp., 662 F. Supp.3d 536, 541 (E.D. Pa. 2023) (citing cases and holding that "absent compelling circumstances that would justify a departure from the wider accepted interpretation, . . . the generally-accepted interpretation will be employed") (quoting Fiorentino v. Cabot Oil & Gas Corp., Civ. No. 09-2284 2012 WL 12861600, at *2 (M.D. Pa. Jan. 6, 2012)); Smith v. Club Exploria, Civ. No. 20-580, 2021 WL 4375907, at *2 (M.D. Pa. Sept. 24, 2021) (acknowledging that the "majority position in the Third Circuit is that Rule 45's use of the term 'delivering' contemplates personal service").

      Here, Plaintiff represents that he has attempted, without success, to obtain contact information for the witness from Defendant, the witness's prior employer, and also attaches the affidavit of a process server who attempted and failed to serve the subpoena on three consecutive days in the middle of the week.  Doc. 33 at 1; Doc. 33-1 at 2. Plaintiff contends that the witness resides in "a secured, gated community to which general entry is not permitted."  Doc. 33 at 1.  The affidavit from the process server

establishes that the residence is "a locked apartment complex" to which he could not gain access.  Doc. 33-1 at 2.

At this point, I find no reason to depart from the accepted interpretation of Rule 45.  Plaintiff must personally serve the witness.  However, if there is evidence that the witness is attempting to evade service, the court will reconsider this ruling.

An appropriate Order follows.