UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL DALY | : |
| Plaintiff, | : |
| v. | : 5:23-CV-04035-ETH |
| RESTORE INTEGRATIVE WELLNESS, LLC | : |
| Defendant. | : |

# DEFENDANT RESTORE INTEGRATIVE WELLNESS LLC'S MOTION FOR SUMMARY JUDGMENT

Defendant, Restore Integrative Wellness, LLC ("Restore"), files this Motion for Summary Judgment seeking judgment in its favor by way of dismissing all of Plaintiff's claims on the grounds more fully described in the supporting memorandum of law attached hereto.

Respectfully submitted,

**THE PETERS FIRM, PLLC**

Paul S. Peters III, Esquire
PA Attorney ID#: 87421
The Peters Firm, PLLC
P.O. Box 11227
Elkins Park, PA 19027
215-291-2944
ppeters@thepetersfirm.com
*Attorney for Defendant*

Dated: May 2, 2025

1

| | |
|---|---|
| UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA | |
| DANIEL DALY : : Plaintiff, : : v. : : RESTORE INTEGRATIVE WELLNESS, LLC : : Defendant. : | 5:23-CV-04035-ETH |

## DEFENDANT RESTORE INTEGRATIVE WELLNESS, LLC'S MEMORANDUM OF LAW IN SUPPORT OF THIS MOTION FOR SUMMARY JUDGMENT

Defendant Restore Integrative Wellness ("Restore"), submits the following in support of its Motion for Summary.

**I. INTRODUCTION**

Defendant Restore moves for summary judgment by dismissing all claims stated in Plaintiff's complaint. Plaintiff's complaint filed on October 18, 2023, alleges that Restore violated the Americans with Disabilities Act ("ADAAA") and Pennsylvania Human Relations Act ("PHRA"), engaged in Retaliation and Coercion, and subjected Plaintiff to a Hostile and Abusive Work Environment. Plaintiff alleges the violations resulted in Plaintiff's resignation.[1]

As stated in detail below, all of Plaintiff's claims fail as Plaintiff, through his pleadings and the discovery process, cannot meet the burdens of proving his claims. The allegations, pleadings, and evidence fail to establish that Restore treated Plaintiff differently or discriminated against him due to his disability, that Plaintiff suffered an adverse employment action due to his disability, that a pattern of severe and pervasive conduct rising to harassment existed, nor that any working conditions were so intolerable that a reasonable person would not continue to subject themselves to the situation. Accordingly, Defendant Restore respectfully requests this Honorable Court dismiss all of Plaintiff's claims with prejudice.

---

[1] A true and correct copy of Plaintiff's complaint is attached to this motion as Exhibit "A."

**II. RELEVANT FACTS OF RECORD**

1. Restore hired the Plaintiff on November 12, 2021.[2]

2. The Plaintiff was employed as a floor supervisor at Restore's Doylestown location.[3]

3. The Plaintiff has a physical disability known as Thrombocytopenia-absent radius syndrome, commonly referred to as TAR.[4]

4. During the entirety of Plaintiff's employment with Restore, Plaintiff never requested a work accommodation regarding Plaintiff's disability per the ADAAA.[5]

5. Plaintiff's complaint only alleges discrimination under the ADAAA and does not allege any failure to accommodate under the ADAAA.[6]

6. During Plaintiff's employment with Restore, he was formally written up for work violations on March 3, 2022[7], May 4, 2022[8], and June 16, 2022[9].

7. Plaintiff's sole allegation of specific conduct that he characterizes as discrimination is that on or about June 10, 2022, Plaintiff learned a co-worker name Paul Wakeham stated, "I never wanted to beat up a cripple" to another co-worker. The statement was not said to Plaintiff directly or in the presence of Plaintiff.[10]

8. The Plaintiff testified that no other comments were ever made toward him regarding his disability.[11]

---

[2] Id. at ¶19.

[3] Deposition Transcript of Daniel Daly at Pg. 19, Ls. 17-25. A true and correct copy of the Deposition Transcript of Daniel Daly is attached to this motion as Exhibit "B."

[4] Exhibit A at ¶3,

[5] Exhibit B at Pg. 32, Ls. 19-25 and Pg. 33, Ls. 1-12.

[6] Exhibit A at ¶¶19-48.

[7] Exhibit B at Pg. 59, Ls. 12-25 and Pg. 60, Ls. 1-25 and Pg. 61, Ls. 1-3. Also see Exhibit "C" attached to this Motion, which is a true and correct copy of the formal write-up dated March 3, 2022.

[8] Id. at Pg. 61, Ls. 21-25 and Pg.62, Ls. 1-8. Also see Exhibit "D" attached to this Motion, which is a true and correct copy of the formal write-up dated May 4, 2022.

[9] Id. at Pgs. 64-72. Also see Exhibit "E" attached to this Motion, which is a true and correct copy of the formal write-up dated June 16, 2022.

[10] Exhibit A at ¶23 and Exhibit B at Pg. 44, Ls 22-25 and Pg. 45, Ls. 1-17, and Exhibit F attached ot this Motion which is the formal write up of Paul Wakeham.

[11] Exhibit B at Pg. 38, Ls. 1-6 and Pg. 44, Ls. 18-22.

9. The Plaintiff testified that he never witnessed any employees being discriminated against or harassed during his tenure at Restore.[12]

10. The employee who made the comment about Plaintiff was confronted about the comment, admitted to saying it, and apologized to Plaintiff.[13]

11. The employee who made the comment was disciplined and written up for his comment about Plaintiff.[14]

12. Restore did not terminate Plaintiff's employment; Plaintiff resigned from his position at Restore.[15]

13. The Plaintiff obtained new employment within 2 – 3 weeks of his resignation from Restore.[16]

14. Plaintiff's new job after resigning from Restore paid him the same amount that he earned at Restore, and unlike Restore, Plaintiff's new job provided health benefits.[17]

15. After resigning from Restore, Plaintiff did not apply for unemployment.[18]

16. Plaintiff testified that in response to the one comment made about Plaintiff by Paul Wakeham, Plaintiff **did not**: seek medical treatment, see a psychiatrist, take any medications, engage in psychotherapy, nor seek counseling.[19]

---

[12] Id. at Pg. 44, Ls. 12-17.

[13] *I*d. at Pg. 57, Ls. 5-25.

[14] Deposition Transcript of Christopher Harren Pg. 47, Ls. 23-25 and Pg. 48, Ls. 1-25 and Pg. 49, Ls. 1-7. A true and correct copy of Christopher Harren's deposition transcript is attached to this Motion as Exhibit G. Also see Exhibit F.

[15] Exhibit A at ¶28 and Exhibit B at Pg. 48, Ls. 16-24 and Pg. 72, Ls. 10-22.

[16] Exhibit B at Pg. 30, Ls. 17-19.

[17] Id. at Pg. 35, Ls. 5-25.

[18] Id. at Pg. 34, Ls. 20-25 and Pg. 35, Ls. 1-4.

[19] Id. at Pg. 73, Ls. 11-22 and Pg. 75, Ls. 10-13 and Pg. 95, Ls. 4-6.

**III. STANDARD OF REVIEW**

*Federal Rule of Civil Procedure 56(c)* permits summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[20] The moving party bears the initial burden of illustrating for the court the absence of a genuine issue of material fact.[21] The moving party can satisfy this burden by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case."[22]

Once the moving party has made a proper summary judgment motion, the burden switches to the non-moving party. The non-moving party "must come forward with 'specific facts showing that there is a genuine issue for trial.'"[23] As our Court of Appeals has observed, "the mere existence of some evidence in support of the non-moving party will not be sufficient to support a denial of a motion for summary judgment; there must be enough evidence to enable a jury to reasonably find for the non-moving party on the issue."[24] Although the Court must resolve all doubts and consider the evidence in the light most favorable to the opposing party[25], the non-moving party cannot escape summary judgment by introducing "a mere scintilla of evidence" in his favor[26], or by relying on "conclusory allegations, improbable inferences, and unsupported speculation[.]"[27]

To defeat summary judgment, the non-moving party cannot rest on the pleadings but instead must go beyond the pleadings and present "specific facts showing that there is a genuine issue for trial."[28] Further, the Plaintiff must identify evidence of record sufficient to establish every element essential to the claim.[29]

---

[20] *Fed. R. Civ. P. 56(c)*.

[21] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159-61 (1970).

[22] *Celotex*, 477 U.S. 317 at 323-25.

[23] *Matsushita Elec. Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *Fed. R. Civ. P. 56(e)*).

[24] *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1308 (3d Cir. 1995).

[25] *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

[26] *Sarko v. Penn-Del Directory Co.*, 968 F. Supp. 1026, 1031 (E.D. Pa. 1997) (citation omitted), aff'd, 189 F.3d 464 (3d Cir. 1999)

[27] *J. Geils Band Employee Benefit Plan v. Smith Barney Shearson, Inc.*, 76 F.3d 1245, 1251 (1st Cir. 1996); accord *Solt v. Alpo Petfoods, Inc.*, 837 F. Supp. 681 (E.D. Pa. 1993), aff'd, 30 F.3d 1488 (3d Cir. 1994).

[28] *Fed.R.Civ.P. 56(e)*; see also *Lawrence v. National Westminster Bank*, 98 F.3d 61, 65 (3d Cir. 1996).

[29] *Petrucelli*, 46 F.3d at 1308.

**IV. ARGUMENT**

Restore moves to dismiss Plaintiff's complaint in its entirety as all of Plaintiff's claims and allegations fail as a matter of law. Plaintiff's complaint references allegations of discrimination, retaliation, and hostile work environment/constructive discharge. Accordingly, Restore will address claims for discrimination, retaliation, and a hostile work environment under the ADAAA in its argument. Plaintiff additionally claims violations of the Pennsylvania Human Relations Act, which is analyzed under the same legal standard as ADAAA claims.[30]

As addressed in more detail below, Plaintiff's claim for discrimination fails because he was not subjected to an adverse employment action due to his disability, actual or perceived. Nothing in the record would lead a reasonable person to believe that Plaintiff was treated differently due to his disability or that any adverse employment actions were taken as a result of his disability. The Plaintiff's only specific claim of disability is one comment made by a co-worker to another co-worker; a comment that was addressed, admitted to, and resulted in an apology by the co-worker, and the co-worker was disciplined. One comment does not rise to discrimination.

Second, Plaintiff's claim of retaliation must fail because he did not engage in any protected activity under the ADAAA, and he was not subject to any adverse employment action due to his disability. The Plaintiff's case does not involve a request for accommodation that resulted in an adverse employment action. The Plaintiff reported the comment made about him, and Restore addressed it with the employee and Plaintiff. The Plaintiff was subsequently written up, not fired, due to work performance unrelated to the comment incident or the Plaintiff's disability. It was the Plaintiff who chose to leave his employment with Restore; Restore did not terminate his employment.

Lastly, Plaintiff's claim of a hostile work environment fails, as no evidence exists in the record that work conditions existed that were so intolerable that a reasonable person would not continue to subject themselves to the situation. The record consists of one incident involving a derogatory statement.

---

[30] *Kelly v. Drexel University*, 94 F.3d 102, 105 (3d Cir. 1996).

### A. THE PLAINTIFF'S CLAIMS OF DISCRIMINATION UNDER THE ADAAA AND PHRA FAIL BECAUSE HE WAS NOT SUBJECTED TO DISCRIMINATION, AND NO ADVERSE EMPLOYMENT ACTION WAS TAKEN DUE TO HIS DISABILITY

The ADAAA prohibits "discriminat[ion] against a qualified individual on the basis of disability in regard to…the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."[31] The PHRA makes it unlawful "[f]or any employer because of the…non-job related handicap or disability…to refuse to hire or employ or contract with, or to bar or to discharge from employment such individual…if the individual…is the best able and most competent to perform the services required."[32]

Plaintiff's discrimination claims under these two statutes are subject to the three-part burden-shifting framework set out in *McDonnell Douglas Corp v. Green*, 411 U.S. 792 (1973) and can be analyzed together.[33]

A plaintiff faces the initial burden of establishing a prima facie case of unlawful discrimination.[34] If a prima facie case is successfully established, the Defendant then must articulate some legitimate, nondiscriminatory reason for the Plaintiff's adverse treatment.[35] Finally, if the Defendant successfully puts forth such reasons, the Plaintiff must demonstrate that those reasons are merely pretext for unlawful employment discrimination.[36]

To establish a prima facie case under the ADAAA, an employee must demonstrate that he "(1) has a 'disability,' (2) is a 'qualified individual,' and (3) has suffered an adverse employment action because of that disability."[37]

Once Plaintiff makes out a prima facie case, "[t]he employer satisfies its burden of production by introducing evidence which, taken as true, would permit the conclusion that there was a nondiscriminatory reason for the unfavorable employment decision."[38] When a legitimate, non-discriminatory reason is put forward by an employer, "the only remaining question would be whether respondent could produce sufficient evidence from

---

[31] *42 U.S.C. § 12112(a)*.

[32] *43 P.S. § 955(a)*.

[33] *Taylor v. Phoenixville School Dist.*, 184 F.3d 296, 306 (3d Cir. 1999) (PHRA discrimination claims are subject to same analysis as ADA discrimination claims).

[34] *McDonnell Douglas*, 411 U.S. at 802.

[35] *Id*. at 802-803.

[36] *Id*. at 804-805.

[37] *Turner v. Hershey Chocolate U.S.*, 440 F.3d 604, 611 (3d Cir. 2006).

[38] *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1994).

which a jury could conclude that 'petitioner's stated reason for respondent's rejection was in fact pretext.'"[39] "[T]he evidence [a] plaintiff proffers [to establish pretext] must meet a heightened 'level of specificity' to survive summary judgment."[40] "To discredit the employer's proffered reason, … the plaintiff cannot simply show that the employer's decision was wrong or mistaken, since the factual dispute at issue is whether discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent, or competent."[41] A plaintiff must produce sufficient evidence to demonstrate "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence."[42] "To avoid summary judgment, the plaintiff must point to some evidence from which a factfinder could reasonably conclude that the plaintiff satisfied the criterion that the decisionmakers disapproving of him relied upon (e.g., by showing that others no more qualified than he under that criterion were not treated adversely), or that the decisionmakers did not actually rely upon that criterion."[43]

Here, Plaintiff alleges discrimination under the ADAAA and PHRA due to the one comment being made by a co-worker and his being written up on June 16, 2025. The Plaintiff alleges the write-up was an adverse employment action due to his disability. However, nothing in the record indicates the write-up had anything to do with his disability—the write-up references using offensive language, abusing break times, and poor job performance. The Plaintiff's employment was not terminated; he was given a written warning, his third written warning, pertaining to concerns and issues with his job performance and behavior. The write-up does not pertain to any problems with Plaintiff's physical ability to perform the job or any issues that could remotely be related to his disability. The write-up was for job performance issues unrelated to the Plaintiff's disability.

---

[39] *Raytheon Co. v. Hernandez*, 540 U.S. 44, 55 (2003) (quoting McDonnell Douglas, 411 U.S. at 804).

[40] *Jackson v. Planco*, 660 F. Supp. 2d 562, 577 (E.D. Pa. 2009) (Dalzell, J.), aff'd, 431 F. App'x 161 (3d Cir. 2011) (quoting Simpson v. Kay Jewelers, 142 F.3d 639, 646 (3d Cir. 1998)).

[41] *Fuentes*, 32 F.3d at 765.

[42] *Krouse v. American Sterilizer Co.*, 126 F.3d 494, 504 (3d Cir. 1997) (quoting Fuentes, 32 F.3d at 764.

[43] *Fuentes*, 32 F.3d at 767.

The only issue Plaintiff addresses in the record regarding his disability is one comment made by a co-worker "I never wanted to hit a cripple." The comment, while wrong and unacceptable, has no connection to nor results in discrimination against Plaintiff due to his disability. The comment was not said directly to or in front of Plaintiff and was not an adverse action against his employment or ability to perform his job at Restore.

The record established that the co-worker was confronted, he admitted to the comment, he apologized to the Plaintiff, and the co-worker was written up. Aside from this one incident, Plaintiff cited no other specific actions or evidence that he was ever treated differently, denied any benefits, or treated adversely in any manner due to his disability. The Plaintiff has provided no evidence of any instances of discrimination by Restore related to his disability. He has provided no evidence that his disability was ever an issue during his employment with Restore. Nothing in the record ties any write-up Plaintiff received to Plaintiff's disability.

The Plaintiff admitted that he never requested an accommodation due to his disability as one was never necessary, nor did he ever request leave due to his disability. He never testified that he was ever denied an employment benefit nor that he was ever treated differently than any other employee.

Here, Plaintiff has failed to submit the required evidence to meet his burden of showing that he experienced an adverse employment action related to his disability. Accordingly, Plaintiff's claims fail in their entirety, and his ADAAA and PHRA claims should be dismissed with prejudice, and Restore's motion for summary judgment should be granted.

### B. THE PLAINTIFF'S RETALIATION CLAIM FAILS BECAUSE THE PLAINTIFF DID NOT ENGAGE IN ANY PROTECTED ACTIVITY RELATED TO THE ADAAA, AND PLAINTIFF WAS NOT SUBJECTED TO ANY ADVERSE EMPLOYMENT ACTION CONNECTED WITH A DISABILITY.

To establish a prima facie case of retaliation under the ADAAA, a Plaintiff must show: "(1) an ADA protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action."[44]

A necessary element of retaliation is that the employee suffered an adverse employment action because of a disability.[45] The ADA prohibits retaliation against any individual who "has opposed any act or practice made unlawful by [the ADA] or because such individual

---

[44] *Krouse v. American Sterilizer Co.*, 126 F.3d 494, 500 (1997).
[45] *Turner v. Hershey Chocolate U.S.*, 440 F.3d 604, 611 (3d Cir. 2006).

made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [the ADA]."[46] Thus, under the ADA, protected activity includes requests for a reasonable accommodation for a disability.[47] The term "protected employee activity," as defined by the ADA, includes making ADA charges against an employer and participating in ADA proceedings.[48] The Eastern District of Pennsylvania has held that an employee's request for working conditions that accommodate a disability is a protected employee activity under the ADA.[49] Additionally, "a request for FMLA leave may qualify, under certain circumstances, as a request for a reasonable accommodation under the ADA."[50]

Here, Plaintiff did not engage in any ADA-protected employee activity. The Plaintiff never requested an accommodation, he did not request leave, he did not file any claim with any federal, state, or local agencies alleging discrimination or ADA violations, he did not oppose any practice deemed unlawful under the ADA, he did not participate in any investigation or proceeding pertaining to ADA violations, and he did not make any complaints of discrimination or harassment connected to his disability. The only action Plaintiff presents in the record is that he heard from a third party that an employee called him a "cripple," which he told his supervisor about. The comment was a one-time derogatory remark but was not connected to any acts of discrimination or harassment pertaining to Plaintiff's disability. The Plaintiff did not complain of an act of discrimination or harassment but merely told his supervisor about the alleged statement and that the Plaintiff was hurt by the statement.

Accordingly, Plaintiff's retaliation claim fails as he never engaged in an ADA protected activity, and no adverse employment actions were taken due to engagement in a protected activity nor taken due to anything having to do with Plaintiff's disability.

### C. THE PLAINTIFF'S HOSTILE WORK ENVIRONMENT CLAIM FAILS IN THAT HE CAN NOT ESTABLISH THE NECESSARY ELEMENTS FOR A VIABLE CLAIM

To establish a hostile work environment claim under the ADA and PHRA, a Plaintiff must show that (1) he is a qualified individual with a disability under the ADA and PHRA; (2) he was subject to unwelcome harassment; (3) the harassment was based on his

---

[46] *42 U.S.C. § 12203(a)*

[47] *Hitch v. Frick Pittsburgh*, No. 23-2065, 2024 U.S. App. LEXIS 12047, 2024 WL 2237963, at *2 (3d Cir. May 17, 2024)

[48] See *42 U.S.C. § 12203(a)*.

[49] *Merit v. SEPTA*, 315 F. Supp. 2d 689, 704-05 (E.D. Pa. 2004).

[50] *Dreibelbis v. Cnty. of Berks*, 438 F. Supp. 3d 304, 318-19 (E.D. Pa. 2020) (citing *Capps v. Mondelez Glob., LLC*, 847 F.3d 144, 156-57 (3d Cir. 2017)).

disability or a request for accommodation; (4) the harassment was sufficiently severe or pervasive to alter the conditions of his employment and to create an abusive working environment; and (5) his employer knew or should have known of the harassment and failed to take prompt effective remedial action.[51]

The ADA anti-discrimination mandate does not require a happy or even a civil workplace.[52] "It prohibits harassment so severe or pervasive as 'to alter the conditions of the victim's employment and create an abusive working environment.'"[53] "To determine if the harassment meets the 'severe or pervasive' standard, we consider the totality of the circumstances, including 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with the employee's work performance.'"[54] "In examining alleged 'severe or pervasive' discrimination in a workplace, the court must look at all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance."[55] Plaintiff must demonstrate an "objectively hostile work environment."[56]

Here, Plaintiff cites and pleads one derogatory comment made between co-workers, not directly toward or in front of Plaintiff. The Plaintiff testified that outside of learning of this one comment, he was not aware of any other comments, nor was anything ever said or done to him during his employment with Restore that constituted harassment or discrimination. One derogatory comment does not meet the standard of severe or pervasive. Nothing in the record describes an abusive working environment. Lastly, the comment was brought to the attention of Restore, and the company addressed it; they did not ignore it or fail to take prompt action.

Accordingly, Plaintiff's claim of a hostile work environment/constructive discharge fails to fulfill the requirements of such a claim and should be dismissed without prejudice.

---

[51] *Sampson v. Methacton Sch. Dist.*, 88 F.Supp.3d 422, 445 (E.D. Pa. 2015) citing *Hamera v. Cnty. of Berks*, 248 F. App'x 422, 425 (3d Cir. 2007)).

[52] *Ballard-Carter v. Vanguard Group*, 703 F. App'x 149, 152 (3d Cir. 2017).

[53] *Id.* citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993).

[54] *Id.* citing *Harris*, 510 U.S. at 23.

[55] *Triangle Doughnuts*, 472 F. Supp.3d at 132 (quoting *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 270-71, 121 S. Ct. 1508, 149 L. Ed. 2d 509 (2001)

[56] *See Walton v. Mental Health Ass'n. of Se. Pennsylvania*, 168 F.3d 661, 666-67 (3d Cir. 1999).

### D. THE PLAINTIFF HAS FAILED TO ESTABLISH WITHIN THE RECORD ANY DAMAGES SUFFERED BY THE PLAINTIFF

Through Plaintiff's pleadings and testimony, he resigned from Restore, he was not fired; he obtained new employment two to three weeks after resigning from Restore; his new employment provided equal pay and medical benefits that he did not receive at Restore; he did not seek out or receive any medical treatment due to this employment experiences with Restore; and he did not suffer any harassment and discrimination at Restore. Nothing in the record indicates any damages or losses suffered by Plaintiff.

Accordingly, Plaintiff has not only failed to support all of his legal claims; he has failed to establish any damages or losses connected to the alleged claims.

### V. CONCLUSION

For the foregoing reasons, Plaintiff's complaint should be dismissed with prejudice in its entirety. The Plaintiff has failed to establish any actions of discrimination during his tenure with Restore. He has failed to demonstrate that he engaged in a protected ADA activity and experienced an adverse employment action as a result. The record fails to establish the existence of severe and pervasive harassment resulting in a hostile work environment. Nothing in the record demonstrates that Plaintiff experienced any adverse employment actions due to his disability or that his disability was ever an issue for Restore. Plaintiff's claims of discrimination, retaliation, and hostile work environment fail, and summary judgment should be entered in favor of Defendant on all counts by dismissing Plaintiff's complaint in its entirety with prejudice.

Respectfully submitted,

THE PETERS FIRM, PLLC

Paul S. Peters III, Esquire
PA Attorney ID#: 87421
The Peters Firm, PLLC
P.O. Box 11227
Elkins Park, PA 19027
215-291-2944
ppeters@thepetersfirm.com
*Attorney for Defendant*

Dated: May 2, 2025